## Horace W. Hopkins v. The City of Ottawa.

1. PUBLIC IMPROVEMENTS — *Damages and Benefits.*—In an action against a municipal corporation for a depreciation of property, caused by improving and changing the grade of a street, sidewalk, gutter and curbing in front of the plaintiff's lots, if it appears that he sustained no damage over and above the benefits arising from such improvement he can not recover.

Trespass on the Case.—Damages from changing the grade of a street. Appeal from the Circuit Court of LaSalle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the December term, 1894. Affirmed. Opinion filed May 28, 1895.

FOWLER BROS., attorney for appellant.

A. E. WHEELER, attorney for appellee.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This is an action brought by the appellant against the city of Ottawa, in which he claims that it had raised the grade of the street, sidewalk, gutter and curbing along La-Salle street in front of the property of appellant, and thereby caused a great depreciation in the value of his property. The appellant's property is situated on LaSalle street and between Superior street and the Illinois and Michigan canal: The canal belongs to the State of Illinois and has banks much higher than the level of the ground and the street, and descends from the bridge across the canal toward Superior street. In making some improvements, appellee paved and curbed the street in front of appellant's property on LaSalle street, and the evidence tended to show that the grade of LaSalle street in front of appellant's property was not raised, but that the center of the street was about the same elevation as before the improvement; but appellant caused the grade to ascend gradually and regularly from Superior street to the canal; and that the elevation at the intersection of LaSalle and Superior streets is six-tenths lower than before the improvement. The grade does not run past the appellant's property on an exact level, which the evidence tended to show was impracticable. The evidence tends to show the grade of the sidewalk in front of the appellant's property was raised about two feet and six inches, which brought the grade for the sidewalk above the top of the sill of the building about six inches, with a descent from there to the south side of the building of some two feet, so that the sidewalk would rest against the sill of

the building from the north corner to the center of the south storeroom. By the former grade, the building was about sixteen inches above grade and of a uniform elevation; thus it would seem that the improvement necessitated the raising of appellant's building and filling up the lot. This, it appears, was about the only damage caused to appellant, and did not exceed five hundred dollars. On the trial of the case it was admitted by both parties that this change of the street and grade was done by virtue of authority from the city of Ottawa. The case was tried by the court without a jury, and there was no holding of law by the court and no refusal of evidence complained of. The court found appellant not damaged, and gave judgment against him for costs.

The evidence tended to show that, taken as a whole, the improvements benefited the appellant's property more than it was damaged, including the $150 he paid for having the building raised and the expense of filling up his lot. The evidence tended strongly to show that it benefited it from six to eight hundred dollars. The court found on the evidence that the appellant had sustained no damages over and above the benefits, and we think it was justified in so doing. It was claimed that the court admitted improper testimony tending to prove improvement of the bridge and street in connection with the sidewalk, to show the benefits to appellant's property, connecting all the improvements together as a basis for estimating them. Appellant contends that the raising of the sidewalk alone was no benefit, and that therefore, as that caused all the damages, it was improper to assess benefits on account of the other improvements. We think the evidence, however, taken as a whole, justified the court in holding that the grading of the street and paving it and raising the grade of the sidewalk was all regarded as one improvement.

It is also insisted that benefits could not be offset, because there was no ordinance of the city of Ottawa authorizing the improvements to be made. If there is anything in this point, which we are inclined to think there is not, we think the admission that the work was done by the authority of

the city would be sufficient to give the city of Ottawa a legal standing in the matter to lawfully make the improvement, and that the city could not be regarded as a mere trespasser or a wrongdoer. The admission that the work was done by authority of the city must operate against both parties alike and should be interpreted to mean "legal authority," and that if an ordinance was necessary to give it legal authority, that such an ordinance existed and had been passed. We do not think that any such point should be made in this court, as it does not appear that it was insisted on in the court below, where, if objection had been made, the appellee might have produced such an ordinance, if such a one existed.

From a perusal of all the evidence in the case, we think that the evidence clearly showed, everything considered, appellant received more benefit than he sustained damages by reason of the improvement, and that the judgment of the court below is right.

Seeing no error in the record, the judgment of the court below is affirmed.